IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-3196-RM-MJW

LORENA GARCIA, *for herself and as the Personal Representative of the Estate of Reyes Garcia*,

Plaintiff,

v.

CENTURY SURETY COMPANY,
SCHNEIDER ENERGY SERVICES, INC. *n/k/a LAVIR HOLDINGS, INC.,* and
WILLIAM R. SMITH,

Defendants.

---

**ORDER ON PLAINTIFF'S MOTION TO REMAND (Docket No. 18)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the Court on District Judge Raymond P. Moore's Order of Reference (Docket No. 22) and Order Reassigning Magistrate Judge (Docket No. 40). There is one motion pending: Plaintiff's Motion for Remand.  (Docket No. 18, referred by Docket No. 23.)

## Background

William Smith and Schneider Energy Services operated a gas well in Weld County, Colorado.  In 2007, the well exploded in flames—burning and ultimately killing Reyes Garcia.  Garcia's widow sued in state court for wrongful death, winning a multimillion-dollar jury verdict well in excess of Smith's and Schneider Energy's insurance coverage.

Smith's insurance company, Century Surety, defended Smith and Schneider Energy in that lawsuit—under a reservation of rights. *See Hecla Mining Company v. N.H. Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991). Century Surety has since sued for declaratory judgment, disclaiming coverage. That case was brought in this Court and is docketed as Case No. 14-cv-00947.

Garcia then filed her own declaratory judgment action, in state court. Century Surety removed this second declaratory action, and it is now docketed in this Court as Case No. 14-cv-03196. Garcia has moved to remand to state court.

### Motion to Remand

Garcia makes two arguments: first, that this Court lacks removal jurisdiction because she named non-diverse defendants; second, that Century Surety has waived its right to remove.

### I.     Subject-Matter Jurisdiction

Century Surety removed this case under 28 U.S.C. § 1441(a), alleging diversity jurisdiction under 28 U.S.C. § 1332. The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002). Here, the parties dispute only one jurisdictional element. Garcia argues that Century Surety cannot show "complete diversity"—the rule that no plaintiff may be from the same state as any defendant, *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005)—because Defendants Smith and Schneider Energy are Coloradoans, like her. Century Surety responds that, for purposes of diversity jurisdiction, Smith and Schneider Energy should be realigned as plaintiffs according to their true interest in this action. *See City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63,

69 (1941) ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants.  It is our duty . . . to look beyond the pleadings, and arrange the parties according to their sides in the dispute.").

The Court agrees with Century Surety.  In this declaratory action, Garcia's interests align completely with Smith's and Schneider Energy's: all three would like to see Century Surety foot as much of the bill for the wrongful-death verdict as possible. In similar coverage disputes, federal courts routinely realign the parties to place the injured third party on the same side of the caption as the tortfeasing insured, as against the insurer.  *Cornella Bros. v. Liberty Mut. Fire Ins. Co.*, No. 13-cv-00558-CMA-MEH, 2013 WL 1876770, at *1-2 (D. Colo. May 3, 2013); *see also Hulliung Gymnastics, Inc. v. Philadelphia Indem. Ins. Co.*, 2014 WL 3400549, at *2 (S.D. Ill. July 9, 2014); *Scott v. State Farm Fire & Cas. Co.*, 2014 WL 3054784, at *5 (E.D. Mich. July 7, 2014); *Wayne J. Griffin Elec., Inc. v. Travelers Prop. Cas. Co. of Am.*, 2014 WL 842983, at *4 (M.D. N.C. Mar. 4, 2014); *Lark v. Nationwide Ins. Co. of Am.*, 2013 WL 5918310, at *3 (W.D. Va. Oct. 31, 2013); *Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1224 (E.D. Va. 2011); *Earnest v. State Farm Fire & Cas. Co.*, 475 F. Supp. 2d 1113, 1117 (N.D. Ala. 2007); *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1243 (D. Kan. 2001).

Garcia's arguments to the contrary are unpersuasive.  First, Garcia relies heavily on the argument that, in a declaratory action, the insured is a necessary party.  But that point is undisputed—indeed, Century Surety named both Smith and Schneider Energy as defendants in its own declaratory action—and has nothing to do with aligning interests for purposes of diversity jurisdiction.  Second, Garcia argues that as the

judgment-creditor in the underlying negligence case, her interests are "obviously" adverse to those of the judgment-debtors, Smith and Schneider Energy.  But no one denies that Garcia, Smith, and Schneider Energy have adverse interests *as to the underlying negligence action*.  The question is whether they have adverse interests as to this coverage action—and they do not.  Indeed, it is worth noting that Smith and Schneider Energy have both filed Answers in this case in which they admit the material allegations, allege that Century Surety is liable, and deny nothing of any real relevance to the case.  (*See* Docket Nos. 13, 33-1.)  And further, in the first-filed declaratory judgment action (Case No. 14-cv-00947), there are no cross-claims at all between Garcia, Smith, and Century Surety.  Finally, Garcia relies on *Hildebrand v. National Fire & Marine Insurance Co.*, Case No. 09-cv-00899-MSK-KLM, 2010 WL 455240 (D. Colo. 2010), in which Chief Judge Krieger declined to realign the parties because (as here) both the judgment-creditor and judgment-debtor argued that they still had material disputes between them.  But in *Hildebrand*, there was no indication that the parties to the underlying lawsuit had entered into *Bashor*-type agreements, as have the parties here.  To the extent the Garcia, Smith, and Schneider Energy have any further conflicts ahead of them, it is only if they breach their settlement agreements—which would be a separate transaction or occurrence, not properly part of this coverage dispute.

Accordingly, applying the analysis from *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941), the Court concludes that it has subject-matter jurisdiction in this matter.

II.      **Waiver of Right to Remove**

Garcia argues in the alternative that Century Surety has waived its right to

remove this case through the insurance policy's service-of-suit clause, which provides

that Century Surety "will, at [the insured]s' request, submit to the jurisdiction of any court

of competent jurisdiction within the United States of America and will comply with all

requirements necessary to give such court jurisdiction . . . ."  (Docket No. 18-1.)  In

applying such clauses, the Court's "review 'is basically one of contract interpretation,

requiring *de novo* consideration.'  [The] aim is to 'enforce the agreement between the

parties in accordance with its own terms.'  Central to [the] inquiry, however, is the legal

principle that 'a waiver of one's statutory right to remove a case from a state to a federal

court must be *clear and unequivocal.*'"  *Pine Tel. Co. v. Alcatel-Lucent USA, Inc.*, 486 F.

App'x 724, 726 (10th Cir. 2012) (emphasis in original) (quoting *Milk 'N' More, Inc. v.*

*Beavert*, 963 F.2d 1342, 1345–46 (10th Cir. 1992), and *SBKC Serv. Corp. v. 1111*

*Prospect Partners, L.P.,* 105 F.3d 578, 582 (10th Cir. 1997)).

Almost every court to review the question has concluded that this language

clearly and unequivocally waives an insurer's right to remove.  *See, e.g.*, *City of Rose*

*City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991); *Foster v. Chesapeake Ins. Co.,*

*Ltd.*, 933 F.2d 1207, 1216–17 (3d Cir. 1991); *Travelers Ins. Co. v. Keeling*, 1993 WL

18909, at *2 (S.D. N.Y. Jan. 19, 1993), *aff'd in part, appeal dismissed in part*, 996 F.2d

1485 (2d Cir. 1993) (collecting cases).  *But see Holloway v. Scottsdale Ins. Co.*, No. 13-

12907, 2014 WL 2764859, at *2 (E.D. Mich. June 18, 2014) (concluding that the clause

did not constitute waiver).  The Court agrees with the great weight of authority that this

6

language is clear and unequivocal, and it waives Century Surety's right to choose the forum for litigating disputes with its insureds.

Century Surety's arguments to the contrary are not persuasive.  First, Century Surety argues that Garcia (and Smith) consented to federal jurisdiction because they participated in the other two cases pending before this court.  The Court sees no reason why Garcia's and Smith's participation in related litigation (on pain of default) should have any bearing on this case.  Second, Century Surety argues that the clause's language does not extend to third-party judgment creditors; that may be right, but it is irrelevant because (1) Garcia is the assignee of the insured's rights, standing in their shoes, and (2) the Court has already (at Century Surety's request) realigned the insureds as plaintiffs suing Century Surety in this case.  Finally, Century Surety argues that Garcia should not be able to trump its first-filed federal case with a later-filed state case.  But the answer to that objection is for Century Surety to ask the state court to stay its parallel proceedings.  *International Ins. Co. v. McDermott Inc.,* 956 F.2d 93, 95 (5th Cir. 1992).  The Court concludes that the forum-selection clause applies, that Century Surety has clearly and unequivocally waived its right to remove, and that Plaintiff's motion to remand should be granted.

**III.    Attorneys' Fees**

The Court finds that it was not objectively unreasonable for Century Surety to remove this case to federal court, for several reasons.  First, the Court found Century Surety's jurisdictional argument to be correct.  Second, although the operation of the service-of-suit clause has been clear "for decades," as Garcia argues, how that clause applies to judgment-creditors is much less clear—and there are still no truly apposite

cases.  Third, there are already two other cases pending in this Court raising the same legal issues, and it is not unreasonable to attempt to consolidate the cases on some sort of waiver theory.

## **ORDER**

For the foregoing reasons, it is hereby **ORDERED** that:

(1)     Plaintiff's Motion for Remand (Docket No. 18) is GRANTED IN PART, insofar as it seeks remand;

(2)     Plaintiff's Motion for Remand (Docket No. 18) is DENIED IN PART, insofar as it seeks an award of costs and fees;

(3)     This case is REMANDED to the Weld County District Court; and

(4)     The Clerk of Court is directed to transmit the case file accordingly.

Dated: April 7, 2015                    */s/ Michael J. Watanabe*
       Denver, Colorado                 Michael J. Watanabe
                                        United States Magistrate Judge